CENTER FOR DISABILITY ACCESS
Isabel Masanque, Esq., SBN 292673
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Scott Schutza**, | **Case No**. **'18CV0236 JLS  JMA** |
| Plaintiff, | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| v. | |
| **Pro Jeweler & Watch LLC**; and Does 1-10, | |
| Defendants. | |

Plaintiff Scott Schutza complains of Defendants Pro Jeweler & Watch LLC; and Does 1-10 ("Defendants") and alleges as follows:

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is a paraplegic who cannot walk and who uses a wheelchair for mobility.

2.  Defendant Pro Jeweler & Watch LLC owned the Fast Fix located at or about 295 Parkway Plaza, El Cajon, California, in April 2017.

3.  Defendant Pro Jeweler & Watch LLC owns the Fast Fix located at or about 295 Parkway Plaza, El Cajon, California, currently.

Complaint

1    4.   Plaintiff does not know the true names of Defendants, their business

2    capacities, their ownership connection to the property and business, or their

3    relative responsibilities in causing the access violations herein complained of,

4    and alleges a joint venture and common enterprise by all such Defendants.

5    Plaintiff is informed and believes that each of the Defendants herein, including

6    Does 1 through 10, inclusive, is responsible in some capacity for the events

7    herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff

8    will seek leave to amend when the true names, capacities, connections, and

9    responsibilities of the Defendants and Does 1 through 10, inclusive, are

10   ascertained.

11

12   **JURISDICTION & VENUE:**

13   5.   This Court has subject matter jurisdiction over this action pursuant to

14   28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans

15   with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

16   6.   Pursuant to supplemental jurisdiction, an attendant and related cause of

17   action, arising from the same nucleus of operative facts and arising out of the

18   same transactions, is also brought under California's Unruh Civil Rights Act,

19   which act expressly incorporates the Americans with Disabilities Act.

20   7.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

21   founded on the fact that the real property which is the subject of this action is

22   located in this district and that Plaintiff's cause of action arose in this district.

23

24   **FACTUAL ALLEGATIONS:**

25   8.   Plaintiff went to Fast Fix in April 2017 to purchase a watch battery and

26   get a watch repaired.

27   9.   Fast Fix is a facility open to the public, a place of public

28   accommodation, and a business establishment.

2

Complaint

10. Transaction counters are one of the facilities, privileges, and advantages offered by Defendants to patrons of the Fast Fix.

11. On the day of Plaintiff's visit, there was no accessible transaction counter available at Fast Fix for use by persons with disabilities.

12. Although there was a lowered portion of the transaction counter, it was not used to conduct transactions. Instead, the defendants used the lowered counter to store a computer.

13. As a result, Plaintiff had to conduct his transactions over the higher counter, which is 42 inches high.

14. Plaintiff personally encountered this barrier.

15. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

16. Plaintiff would like to return and patronize Fast Fix but will be deterred from visiting until the defendants cure the violations.

17. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

19. Plaintiff is and has been deterred from returning and patronizing Fast Fix because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to the business to assess ongoing compliance with the ADA and will return to patronize Fast Fix as a customer once the barriers are removed.

3

Complaint

20. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).

21. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

Complaint

a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

24. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

5

Complaint

25. Here, no such accessible transaction counter has been provided, in violation of the ADA.

26. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

27. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

28. Given its location and options, plaintiff will continue to desire to patronize Fast Fix but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

31. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

32. Although the plaintiff was markedly frustrated by facing discriminatory barriers and this frustration possibly qualifies as an emotional distress injury, even manifesting itself with physical symptoms that include back pain, neck

Complaint

pain and shoulder pain, the plaintiff does not value this frustration and physical personal injury greater than the amount of the statutory damages.

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000 per incident.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: January 30, 2018            CENTER FOR DISABILITY ACCESS

By: ___*Isabel P. M*___

Isabel Masanque, Esq.
Attorney for Plaintiff

7

Complaint